Jordan T. Smith, Bar No. 12097
jts@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV 89101
Telephone: (702) 214-2100
Facsimile: (702) 214-2101

*Counsel for Defendants*
*Flux Power Holdings, Inc., Ronald F. Dutt*
*Michael Johnson, Mark Leposky, Dale T.*
*Robinette, Lisa Walters-Hoffert, and Cheemin*
*Bo-Linn*

I-Che Lai, Bar No. 12247
i-che.lai@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401

*Counsel for Defendant*
*Charles A. Scheiwe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD PEARL, derivatively on behalf of FLUX POWER HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RONALD F. DUTT, CHARLES A. SCHEIWE, MICHAEL JOHNSON, MARK LEPOSKY, DALE T. ROBINETTE, LISA WALTERS-HOFFERT, and CHEEMIN BO-LINN,<br><br>Defendants,<br><br>and<br><br>FLUX POWER HOLDINGS, INC.,<br><br>Nominal Defendant. | CASE NO. 2:25-cv-00042-JAD-NJK<br><br>**DEFENDANTS FLUX POWER HOLDINGS, INC., RONALD F. DUTT, CHARLES A. SCHEIWE, MICHAEL JOHNSON, MARK LEPOSKY, DALE T. ROBINETTE, LISA WALTERS-HOFFERT, AND CHEEMIN BO-LINN'S UNOPPOSED MOTION TO TRANSFER PLAINTIFF'S DERIVATIVE COMPLAINT** |

MOTION TO TRANSFER

**INTRODUCTION**

Defendants Ronald F. Dutt, Michael Johnson, Mark Leposky, Dale T. Robinette, Lisa Walters-Hoffert, Cheemin Bo-Linn, and Charles A. Scheiwe (together, the "Individual Defendants"), along with nominal defendant Flux Power Holdings, Inc. ("Flux") (collectively, "Defendants"), respectfully request that the Court grant this unopposed motion to transfer the above-captioned shareholder derivative action because the District of Nevada has no meaningful connection to this action. Indeed, the sole basis for Plaintiff's filing in Nevada appears to be Flux's incorporation in the state, a connection that is insufficient to justify venue when balanced against the significant ties this case has to California. And Plaintiff has confirmed he does not oppose this motion.

Flux is headquartered in southern California, where it conducts most of its operations. A majority of the Individual Defendants reside in California, and the alleged conduct giving rise to this action occurred there. Moreover, the Plaintiff—Ronald Pearl—does not reside in Nevada, and there are no allegations that any relevant events or witnesses are connected to Nevada. By contrast, the Southern District of California is the natural and most convenient forum for this dispute, where witnesses, documents, and parties are located. Indeed, a related underlying shareholder class action, arising out of largely the same facts alleged in this matter, was just transferred to the Southern District of California—further reason why this matter should follow.

Transfer would promote the interests of justice and an efficient resolution of this matter, while sparing the parties the unnecessary burdens and expenses of litigating in an unrelated forum. For these reasons, and as further demonstrated below, transfer to the Southern District of California is warranted under 28 U.S.C. § 1404(a).

**BACKGROUND**

Defendant Flux is a publicly traded company that "designs, manufactures, and sells advanced lithium-ion energy storage solutions for electrification of a range of industrial and commercial sectors including material handling, airport ground support equipment (GSE), and stationary energy storage." *See* ECF No. 1 ("Compl.") ¶ 18. It is incorporated in Nevada and has its principal place of business in Vista, California. *Id.* ¶ 8; *see also* Royal Decl. ¶ 2. Flux has

1  around 130 employees, nearly all of whom are based in Southern California. *Id.* ¶ 4. It has no
2  offices in Nevada. *Id.* ¶ 5. Flux's headquarters in Vista, California is the primary locus of
3  corporate decision-making. *Id.* ¶ 3. Its executive management team—including its Chief
4  Executive Officer ("CEO") and Chief Financial Officer ("CFO")—all work at Flux's California
5  headquarters and reside nearby. *Id.* ¶¶ 3, 6. No current member of Flux's executive management
6  team resides in Nevada. *Id.* ¶ 5. Financial and operational results, like billing and revenue, are
7  calculated at the California headquarters. *Id.* ¶ 3. Flux's corporate disclosures and SEC filings
8  are drafted, approved, and issued there. *Id.*

9  Defendant Ronald F. Dutt is Flux's CEO. Compl. ¶ 8; *see also* Royal Decl. ¶¶ 3, 6. He
10 lives in Southern California. Royal Decl. ¶ 6. Defendant Charles A. Scheiwe was Flux's CFO
11 until March 1, 2024. Compl. ¶ 15; *see also* Royal Decl. ¶ 7. Mr. Scheiwe lives in Southern
12 California. Royal Decl. ¶ 7. The non-employee members of the Company's Board of Directors
13 named as defendants are alleged to reside in California (defendants Mark Leposky, Dale T.
14 Robinette, Lisa Walters-Hoffert, and Cheemin Bo-Linn) and Texas (defendant Michael Johnson).
15 Compl. ¶¶ 8-13. None are alleged to live in Nevada.

16 Plaintiff's complaint brings multiple causes of action against certain of Flux's current and
17 former directors and officers alleging breach of fiduciary duties, unjust enrichment, aiding and
18 abetting, and insider trading. *Id*. ¶¶ 124-154. The Complaint alleges that the Individual
19 Defendants were responsible for purportedly false and misleading statements in Flux's public
20 filings. *See id.* ¶¶ 19-56. The purportedly misleading statements also involved "the Company's
21 internal control over financial reporting" and the Complaint alleges that the Flux director
22 defendants "breached their duties of loyalty by causing the Company to issue false and misleading
23 statements." *Id.* ¶ 93.

24 On November 1, 2024, Asfa Kassam filed a putative class action in the District of Nevada
25 alleging violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 based on
26 largely the same factual allegations as the above-captioned derivative complaint. *See Kassam v.*
27 *Flux Power Holdings, Inc.* 2:24-cv-02051-CDS-BNW (D. Nev. Nov. 1 2024) ("*Kassam*"); *see*
28 *also* Compl. ¶¶ 70-71 (alleging, as a basis for damages for this matter, the underlying *Kassam*

MOTION TO TRANSFER                    3

1  matter). On December 23, 2024, defendants Flux and Ronald F. Dutt filed an unopposed motion
2  to transfer the *Kassam* action to the Southern District of California. On January 14, 2025, Judge
3  Cristina D. Silva granted the motion to transfer and found that, based on the court's analysis of
4  the relevant factors, "transfer to the Southern District of California [was] appropriate." *Kassam*,
5  ECF No. 17 at 1.

**ARGUMENT**

**I.   LEGAL STANDARD**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). In the Ninth Circuit, a court may grant a motion to transfer if it finds that (i) the action "might have been brought" in the transferee forum, and (ii) the "convenience of the parties and witnesses in the interest of justice favor transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

**II.  The Southern District of California is a Proper Forum.**

This action could have been brought in the Southern District of California. Federal law provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

Flux's principal place of business and corporate headquarters are in Vista, California. Compl. ¶ 7. Venue is undeniably proper in the Southern District of California as it is the district in which the events giving rise to the claim occurred, as all of the challenged activities and statements by the individual defendants were developed, implemented, approved, and/or announced from Flex's headquarters in Vista, within the Southern District. Indeed, the press releases, SEC filings, and other public statements challenged in the Complaint were prepared in California. Royal Decl. ¶ 3. Moreover, the underlying issues allegedly surrounding Flux's internal controls processes, financial accounting, and corporate disclosures were handled out of its Vista, California headquarters. *Id.* Thus, this action could have been filed in the Southern District of California. *See, e.g.*, *Sandys v. Willard*, 2021 WL 1091919, at *6-7 (N.D. Cal. 2021)

(venue is proper where corporation is headquartered and a substantial part of the events or omissions occurred); Compl. ¶¶ 70-71 (alleging, as a basis for damages for this matter, the underlying *Kassam* matter).

### III. The Convenience of Parties and Witnesses Strongly Favors Transfer.

Not only could this action have been brought in the Southern District of California—it should have been brought there and should proceed there.

Determining whether transfer would serve the convenience of the parties and witnesses involves weighing various private interest factors "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The private interest factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

Here, the parties' and witnesses' contacts with the forum, the connection between Plaintiff's cause of action and the chosen forum, and the ease of access to sources of proof all strongly favor transfer, while the other factors are neutral.

#### A. The Southern District of California is More Convenient for Parties and Witnesses.

The convenience of the parties is a compelling factor where, as here, all defendants are located in another district. That is because in shareholder derivative actions, where all the defendants are officers and directors of the nominal defendant company and a majority of the potential witnesses are current or former employees of the company, courts routinely transfer the cases to the jurisdiction in which the witnesses reside—which is typically the district where the nominal defendant company is headquartered. *See, e.g., Horwitz v. Sw. Forest Indus., Inc.*, 612 F. Supp. 179, 182 (D. Nev. 1985) (convenience of the witnesses supported transfer of a derivative and securities action against a Nevada-incorporated company to Arizona where the company was

1  headquartered); *Livermore v. Engles*, No. 2:09-CV-70, 2010 WL 2220307, at \*6 (E.D. Tenn. Mar.
2  31, 2010) (transferring a shareholder derivative suit to Texas because the nominal defendant
3  company was headquartered in Dallas and many of the individual defendants resided in Dallas).
4  On the other hand, when a plaintiff does not reside in a contemplated forum, their "convenience
5  is not a factor in determining whether [one forum] or [another] would be … more convenient."
6  *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, 2015 WL 12659925, at \*5 (S.D.N.Y. Apr. 30,
7  2015); *see also In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y.
8  2006) (When "none of the lead plaintiffs resides in New York, they cannot claim that New York
9  is the more convenient forum for them.").

10  Nevada's connection to the parties here is minimal. Flux is a Nevada corporation, *see* Compl. ¶ 7, "but that is where the connection to this forum ends," *In re Galectin Therapeutics, Inc. Sec. Litig.*, 2015 WL 260881, at \*5 (D. Nev. Jan. 21, 2015). Neither the Plaintiff nor the Individual Defendants reside in Nevada.

14  California would also be a more convenient forum for the potential witnesses. "The convenience of the witnesses is usually the most important factor to consider in deciding whether to transfer an action." *Galectin Therapeutics*, 2015 WL 260881, at \*4 (quotation omitted). Defendants are unaware of any witnesses located in this District. *See* Royal Decl. ¶ 10. By contrast, the Flux employees who prepared the statements challenged by Plaintiff operated in California, *see id.* ¶ 3, and "all other employees that may potentially assist with this litigation are likewise located in" California, *see Galectin Therapeutics*, 2015 WL 260881, at \*3. Moreover, the Company, as well as most of the named defendants, are alleged to reside in California. Compl. ¶¶ 8-13. The Southern District of California would be a more convenient forum for parties and witnesses. As Judge Silva agreed, in transferring the related, underlying shareholder class action, this factor weighs heavily in favor of transfer. *Kassam*, ECF No. 11 at 2 (agreeing with defendants that the parties and the witnesses have contacts with Southern California, and it would be more convenient).

**B.     The Locus of Operative Facts Favors Transfer.**

Assessing the contacts between Plaintiff's cause of action and the chosen forum is easy: There are no such contacts because none of the operative facts occurred in Nevada. The operative facts underlying Plaintiff's claims all occurred in the Southern District of California.

In a shareholder derivative action, the locus of operative facts is "the corporation's headquarters, or other locations, where the directors and officers allegedly committed the wrongful acts." *Livermore*, 2010 WL 2220307, at *6 (transferring derivative case to the district of nominal corporate defendant's headquarters because corporation's directors and officers had allegedly committed the wrongful acts there). Moreover, this derivative action alleges misrepresentations that form the basis of the related securities class action that was recently transferred to the Southern District of California. These "misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *Galectin Therapeutics*, 2015 WL 260881 (quotation omitted); *see also Sandys v. Willard*, 2021 WL 1091919, at *6-7 (N.D. Cal. 2021) (transferring a shareholder derivative action to the district where the company was headquartered and the management decisions at issue had been made); *Stein v. Immelt*, No. 3:09-CV-808 (RNC), 2010 WL 598925, at *2 (D. Conn. Feb. 18, 2010) (finding that transfer was warranted in a securities class action and a shareholder derivative suit because the "breaches of fiduciary duty alleged [in the complaint] are based on the same statements at issue in the consolidated class action").

As discussed above, the press releases, SEC filings, and other public statements challenged in the Complaint form the basis of the securities class action. These challenged statements were prepared in California. Royal Decl. ¶ 3. Similarly, the underlying issues allegedly surrounding Flux's internal controls processes, financial accounting, corporate disclosures, and activities of the individual officer and director defendants were handled out of its Vista, California headquarters. *Id.* Flux's company headquarters are thus the locus of operative facts. *See Livermore v. Engles*, No. 2:09-CV-70, 2010 WL 2220307, at *6 (E.D. Tenn. Mar. 31, 2010) (transfer of shareholder litigation was warranted to forum where company was

1 headquartered and defendants' challenged conduct took place).  This factor weighs heavily in
2 favor of transfer.

### C. The Location of Sources of Proof Favors Transfer.

"Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry." *Galectin Therapeutics*, 2015 WL 260881, at *5 (quotation omitted).  In a derivative action, "it is more likely that only the corporation's books, records, and transactions will be important and only the defendant will be affected by the choice of the place of production of records." *Livermore*, 2010 WL 2220307, at *6 quoting *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526, (1947).

Here, the financial accounting records as well as documents regarding internal controls, corporate disclosures and public statements are either physically located or electronically stored at Flux's headquarters in California.  Royal Decl. ¶ 3.  Because there would be at least "some measure of increased costs to provide access to relevant documents and records in Nevada," this factor supports transfer.  *See Galectin Therapeutics*, 2015 WL 260881 at *5.

### D. Plaintiff's Choice of Forum Should be Given Minimal Consideration.

"Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted); *In re Galectin Therapeutics, Inc. Sec. Litig.*, No. 3:14-CV-00399-RCJ, 2015 WL 260881, at *7 (D. Nev. Jan. 21, 2015) ("As with class action lawsuits, the plaintiff's choice of forum in a derivative suit is given little weight.").  Plaintiff's choice of forum here should be afforded little deference because Plaintiff brings its claims derivatively on behalf of Flux, a corporation headquartered in the Southern District.  *See* Compl. ¶¶ 6-7.  Indeed, if the operative facts have not occurred in the plaintiff's forum of choice and the forum has no particular interest in the parties or the subject matter of the case, then "the plaintiff's choice is entitled only to minimal consideration." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Here, importantly, Plaintiff does not oppose transfer. Given these considerations—as well as the fact that most of the material events, most of the witnesses and documents, and nearly all the Individual Defendants reside in California—Plaintiff's original choice of forum in Nevada should be given minimal consideration. *Galectin Therapeutics*, 2015 WL 260881, at *7 (finding the plaintiff's choice of forum to be given little weight particularly where the filing plaintiffs do not oppose transfer).

**E.      The Remaining Private Interest Factors Are Neutral.**

Judge Silva agreed that the remaining factors for the Court to consider—the differences in the costs of litigation in the two forums and availability of compulsory process for non-witnesses—are neutral. *Kassam,* ECF. No. 16 at 2. The availability of process is a non-factor because, even if the parties could identify any non-party witness who would be unwilling to testify if called in the Southern District of California, nothing in the record suggests that this Court would be better equipped to issue a subpoena to a (probable) California resident than a federal court in California. *See* Fed. R. Civ. P. 45(c)(1).

Familiarity with applicable law is also a non-factor. Although this Court may be more familiar with the Nevada law governing the duties of directors and officers of Nevada corporations, that alone does not preclude transfer to the district where Flux is incorporated. *Galectin Therapeutics*, 2015 WL 260881, at *5 (transferring a derivative action to where the nominal defendant was incorporated because "other federal courts are fully capable of applying [Nevada] law.") (citations omitted). Accordingly, the applicable choice of law does not preclude transfer, particularly when a majority of the other relevant factors weigh in favor of transfer.

Finally, given the proximity of parties, witnesses, and relevant sources of evidence to the Southern District of California, litigating in California is likely to be less expensive for the parties and witnesses.

**IV.      The Interests of Justice Favor Transfer**

Transfer to the Southern District of California would serve the interests of justice. The public interest factors relevant to the interests of justice include:

> the administrative difficulties flowing from court congestion; the local interests in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

As explained above, this case has no real connection to Nevada. The action is in its infancy and transfer would not cause undue delay.

Moreover, many of the same allegations in the Complaint are at issue in the securities class action that Judge Silva just transferred to the Southern District of California. The pendency of the related action in the Southern District of California is a "significant factor" favoring transfer of this action. *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d at 1261-62 (finding cases "similar enough that they should be considered by the same court in order to . . . prevent inconsistent rulings," and "even if not consolidated, transfer . . . will allow a global settlement of the related cases."); *see also Jolly v. Purdue Pharma L.P.,* No. 05-CV-1452H, 2005 WL 243917, at *2 (S.D. Cal. Sept. 28, 2005) ("The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor."). Here, it serves the interests of justice and judicial economy to transfer this case so that "multiple forums are not deciding similar, if not identical, factual and legal questions." *Galectin Therapeutics*, 2015 WL 260881, at *5 (finding that transfer of a derivative action to the same forum as the underlying class action served the interests of justice).

Finally, while there is unlikely to be any delay caused by transfer, any slight delay would likely be offset by the fact that, as of March 31, 2024, the Southern District of California is less congested with pending civil cases than the District of Nevada. *See* Federal Court Management Statistics, *United States District Courts – National Judicial Caseload Statistics*, Tbl. No. C-1 (Mar. 31, 2024) (listing 3,541 pending civil cases in D. Nev. and 1,984 in S.D. Cal.).[1] Transfer would not create any conflict-of-law problems or burden citizens in an unrelated forum with jury

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/fjcs_c1_0331.2024.xlsx

MOTION TO TRANSFER                          10

duty.  To the contrary, because of the connection between the forum and the operative facts here, a court in the Southern District of California should hear the dispute.

Balancing all material circumstances of the case and considering the factors set forth above, as well as the fact that all parties agree transfer is appropriate, the interests of justice and economy favor transfer to the Southern District of California.

## CONCLUSION

For all these reasons, Defendants respectfully ask the Court to transfer this case to the Southern District of California under 28 U.S.C. 1404(a).

Dated: January 31, 2025                  Respectfully submitted,

PISANELLI BICE PLLC

*/s/ Jordan T. Smith*
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, NV 89101
Telephone:  (702) 214-2100
Facsimile:  (702) 214-2101
jts@pisanellibice.com

*Counsel for Defendants Flux Power Holdings, Inc., Ronald F. Dutt Michael Johnson, Mark Leposky, Dale T. Robinette, Lisa Walters-Hoffert, and Cheemin Bo-Linn*

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

*/s/ I-Che Lai*
I-Che Lai, Bar No. 12247
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400
Fax: 702.727.1401
i-che.lai@wilsonelser.com

*Counsel for Defendant Charles A. Scheiwe*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Pisanelli Bice, PLLC, and that on the 31st day of January 2025, I electronically filed the foregoing **DEFENDANTS FLUX POWER HOLDINGS, INC., RONALD F. DUTT, CHARLES A. SCHEIWE, MICHAEL JOHNSON, MARK LEPOSKY, DALE T. ROBINETTE, LISA WALTERS-HOFFERT, AND CHEEMIN BO-LINN'S UNOPPOSED MOTION TO TRANSFER PLAINTIFF'S DERIVATIVE COMPLAINT** using the CM/ECF system, which served notice to the following CM/ECF participants:

Matthew L. Sharp
Matthew L. Sharp, Ltd.
432 Ridge St.
Reno, NV 89501
775-324-1500
775-284-0675 (fax)
matt@mattsharplaw.com

*Counsel for Plaintiff*

                                             */s/ Zennia Sotelo*
                                        An employee of Pisanelli Bice PLLC